**BOIES SCHILLER FLEXNER LLP**
CHRISTOPHER G. CALDWELL, State Bar No. 106790
  *ccaldwell@bsfllp.com*
ALBERT GIANG, State Bar No. 224332
  *agiang@bsfllp.com*
ARWEN R. JOHNSON, State Bar No. 247583
  *ajohnson@bsfllp.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

**SACRO & WALKER LLP**
JOHN WALKER, State Bar No. 166270
  *jwalker@sacrowalker.com*
701 North Brand Boulevard, Suite 800
Glendale, California 91203
Telephone: (818) 672-5965
Fax: (818) 721-9670

Attorneys for Defendant
AMERICAN INCOME LIFE
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID JOH, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN INCOME LIFE INSURANCE COMPANY, DOES 1 through 25,<br><br>　　　　Defendant. | Case No. 18-cv-06264-TSH<br><br>**DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY'S SUPPLEMENT TO NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Magistrate Judge Thomas S. Hixson<br>Courtroom A - 15th Floor |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant American Income Life Insurance Company ("AIL") hereby supplements its Notice of Removal in the above-captioned matter with a copy of Plaintiff David Joh's First Amended Complaint ("FAC"), which had not yet been served on AIL at the time that AIL removed.

This case was commenced as Case Number C18-01863 in the Superior Court of the State of California for the County of Contra Costa and timely removed to this Court pursuant to the minimal diversity rule under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441 and 1446. AIL timely filed its Notice of Removal, which attached the state court file as Exhibits A–D thereto, on October 17, 2018. (ECF No. 1.) The FAC, however, was not included among these exhibits because the FAC had not been included in the copy of the state court file that AIL had requested and received from the state court. Indeed, AIL only first became aware that a FAC had been filed in state court when AIL was served with a copy of the FAC on October 18, 2018—*i.e.*, the day after AIL filed its original Notice of Removal.

The sole difference between the Complaint and the FAC is the addition of a sixth cause of action, which seeks recovery of civil penalties under California Labor Code § 2699 *et seq*. Because Plaintiff's prior claims already met the diversity and amount-in-controversy requirements under CAFA, the addition of this sixth claim seeking additional remedies between the same parties of diverse citizenship only supports the fact that AIL's removal was proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    Accordingly, attached hereto as Exhibit "E" for the Court's records is a true
2 and correct copy of the FAC in this matter.

3

4 DATED:  November 6, 2018        BOIES SCHILLER FLEXNER LLP

5

6                                 By    /s/Albert Giang
7                                    ALBERT GIANG
                                   Attorneys for Defendant
8                                  AMERICAN INCOME LIFE INSURANCE
                                   COMPANY
9

# EXHIBIT E

2:45p
10/18/18

Michael A. Gould, Esq. (SBN 151851)
Michael@wageandhourlaw.com
Aarin A. Zeif (SBN 247088)
Aarin@wageandhourlaw.com
GOULD & ASSOCIATES
A Professional Law Corporation
17822 E. 17th Street, Suite 106
Tustin, California 92780
Telephone: (714) 669-2850
Facsimile: (714) 544-0800

Attorneys for Plaintiff,
David Joh, individually, and on behalf of other members
of the general public similarly situated

FILED
2018 OCT -4  P 12: 46
KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: _____, DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

DAVID JOH, individually, and on behalf of other members of the general public similarly situated,

Plaintiffs,

v.

AMERICAN INCOME LIFE INSURANCE COMPANY, and DOES 1 through 25,

Defendants.

CASE NO.: MSC18-01863

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:

1. FAILURE TO PAY WAGES/COMMISSIONS (*Cal. Labor Code* §§ 203 and 204);

2. FAILURE TO PAY UPON TERMINATION OR QUITTING EMPLOYEE (*Cal. Labor Code* §§ 201, 202, 203);

3. FAILURE TO PROVIDE CORRECT ITEMIZED STATEMENT TO EMPLOYEE (*Cal. Labor Code* § 226);

4. UNFAIR BUSINESS PRACTICES (*Cal. Business and Professions Code* §§ 17200 et seq.); and

5. FAILURE TO PAY EXPENSE REIMBURSEMENT (Violation of *Cal. Labor Code* § 2802);

6. CLAIM FOR A CIVIL PENALTY (*Cal. Labor Code* §§ 2699 et seq.).

Unlimited Civil
Demand for a Jury Trial

- 1 -
CLASS ACTION COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

Plaintiff, David Joh, (hereinafter referred to as "Joh"), individually, and on behalf of all other persons similarly situated allege as follows:

1. Defendant American Income Life Insurance Company (hereinafter referred to as "Defendant") is, and at all times relevant herein was, a Corporation, doing business in the County of Contra Costa County, State of California.

2. The true names and capacities, whether individual, corporate or otherwise, of Defendants sued herein as DOES 1 through 25 are unknown to Plaintiff Joh, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each DOE Defendant is, in some manner, legally responsible for some or all of the Plaintiff's damages described herein. When said Defendants are ascertained, Plaintiff will amend this complaint to reflect their true identities.

3. Plaintiff Joh at all times relevant hereto, was employed by Defendants in the State of California, County of Orange, as an agent from approximately May 2011 to April 1, 2018.

4. Joh is informed and believes, and thereon alleges, that at all times herein relevant, each Defendant was the agent, employee and/or partner of each of the Defendants herein, and was acting within the course and scope of said agency, employment and/or partnership and pursuant to the purposes of said agency, employment and/or partnership.

5. Venue is proper in this judicial district because the Defendants reside in this judicial district.

## CLASS ALLEGATIONS

6. Joh is informed and believes, and thereon alleges, that Defendant is an Insurance company that provides insurance to various entities.

7. Joh brings this action as a class action pursuant to *California Code of Civil Procedure* § 382. The classes that Joh represents are defined as follows: all current and former agents that sold insurance for Defendants in the state of California for the last four years prior to the filing of the Complaint.

8. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the *California Code of Civil Procedure* § 382, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable:

    a. <u>Numerosity</u>: The Plaintiff Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Joh at this time, Joh is informed and believes, and thereon alleges, that there are over 75 current and former hourly paid case supervisors employed by Defendants that received improper and false paycheck stubs, failed to receive all wages for missed meal and rest periods at discharge, and failed to provide proper meal and rest periods.

    b. <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

        i. Whether Defendants are subject to *California Labor Code* § 226;

        ii. Whether Defendants violated *California Labor Code* § 226;

        iii. Whether Defendants are subject to *California Labor Code* §§ 201, 202, and 203;

        iv. Whether Defendants violated *California Labor Code* §§ 201, 202, and 203;

        v. Whether Defendants are subject to *IWC Wage Orders* and *California Labor Code* §§ 218.5, 226.7 and 512;

        vi. Whether Defendants violated *IWC Wage Orders* and *California Labor Code* §§ 218.5, 226.7 and 512;

        vii. Whether Defendants are subject to *California Business and Professions Code* § 17200 et. seq.;

       viii.    Whether Defendants violated *California Business & Professions Code* § 17200 et. seq.;

       ix.    Whether class members and Joh previously worked or currently work for Defendants within the applicable statue of limitation;

c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the class members. Joh and the members of the class sustained damages arising out of Defendants' common practice of failing to provide meal and rest periods, failing to pay all wages due at termination, and failing to provide proper paycheck stubs. Joh and the class members' claims are based on the same legal theories, particularly *IWC Wage Orders, California Labor Code* §§ 201, 202, 203, 226, 226.7, 512, *Cal. Code of Regulations* § 11040 and *California Business and Professions Code* § 17200 et seq.

d.    <u>Adequacy</u>: Joh will fairly and adequately protect the interests of the members of the class. Joh has no interest that is adverse to the interests of the other class members.

e.    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical; class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of the adjudication of such individual litigation would be substantial. Individualized litigation

would also present the potential for inconsistent or contradictory judgments.

    f.    <u>Public Policy Consideration</u>: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references. Class actions provide the class members who are not named on the Complaint with a type of anonymity that allows for vindication of their rights.

### FIRST CAUSE OF ACTION
### For Failure to Pay Wages/Commissions
### (Violation of *California Labor Code* §§ 204 and 203)

9. Joh re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 8, inclusive, as though set forth fully herein.

10. Joh is informed and believes, and thereon alleges, that *California Labor Code* §§ 203 and 204 was in full force and effect and binding on Defendants at all times mentioned herein. Said section requires that employers refrain from wrongfully and willfully withholding wages.

11. Joh is informed and believes and thereon alleges that he and class members failed to receive all earned commissions from Defendant. Moreover, since Defendants failed to pay Joh and class members all earned commissions, Defendants are in violation of *California Labor Code* § 203 and 204 and the *IWC Wage Orders*. Defendant promised to pay earned commissions to plaintiff and class members. Defendant failed to pay all earned commissions to Joh and class members as promised.

12. Joh and class members are therefore entitled to recover the unpaid amount of the wages/commissions, interest thereon, and reasonable attorney's fees and costs as provided for by law.

## SECOND CAUSE OF ACTION
### Failure to Pay Terminated or Quitting Employee
(Violation of *California Labor Code* §§ 201, 202, and 203)

13. Joh re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. At all times mentioned in this Complaint *California Labor Code* §§ 201, 202, and 203 were in full force and effect and binding on Defendants. Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge.

15. Joh is informed and believes, and thereon alleges, that Defendants refused and/or willfully failed to pay all wages owed to Plaintiff and class members at the time of discharge.

16. As a result of Defendants' violation of *California Labor Code* §§ 201, 202 and 203, Plaintiff is entitled to penalties under *California Labor Code* § 203, which provides that upon violation of *California Labor Code* § 201, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

## THIRD CAUSE OF ACTION
### Failure to Provide Itemized Statement to Employee
(Violation of *California Labor Code* § 226)

17. Joh re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. Joh is informed and believes, and thereon alleges, that Defendants are required by law to provide a proper itemized statement to Plaintiff under *California Labor Code* § 226. Said section requires employers to give an itemized statement to an employee at every pay period which includes gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates.

19. At all times mentioned in this Complaint *California Labor Code* § 226 was in full force and effect and binding on Defendants.

20. Notwithstanding the requirements of *California Labor* Code § 226, Defendant provided Plaintiff and class members with improper and false paychecks in violation of *California Labor Code* § 226.

21. Joh is informed and believes, and thereon alleges, that he is entitled to penalties for failure to maintain proper and correct itemized statements in violation of *California Labor Code* § 226, in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION
### Unfair Business Practices
(Violation of *Cal. Business and Professions Code* § 17200 et. seq.)

22. Joh re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. At all times herein mentioned, *California Business and Professions Code* § 17200 *et. seq.* was in full force and effect and binding upon Defendants. Said sections prohibit Defendants from engaging in unfair practices including, but not limited to, failing to pay proper wages.

24. Joh is informed and believes, and thereon alleges, that Defendants engaged in unlawful business practices in violation of *California Business and Professions Code* § 17200 *et. seq.* by failing to pay proper wages to Plaintiff and class members.

25. As a direct result of the actions of Defendants as alleged above, Joh and class members entitled to restitution pursuant to *California Business and Professions Code* §§ 17203 and 17208 in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION
### Failure to Pay Expense Reimbursement
(Violation of *California Labor Code* §§ 221 and 2802)

26. Joh re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. At all mentioned times in this Complaint *California Labor Code* §§ 221 and 2802

were in full force and effect and binding on Defendants. Said sections require employers to indemnify its employees for all that the employee necessarily expends or loses in direct consequence of the discharge of duties.

28. In violation of *California Labor Code* §§ 221 and 2802, Joh and class members failed to receive reimbursement for expenses while employed by Defendants, including, but not limited to, chargebacks and other business related expenses according to proof.

29. Joh is informed and believes, and thereon alleges, that Joh and class members entitled to reimbursement for all expenses in an amount according to proof at trial.

### SIXTH CAUSE OF ACTION
### Claim for Recovery of Civil Penalty
(*California Labor Code* § 2699 et. seq.)

30. Joh re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29, inclusive, as though set forth fully herein.

31. Joh is informed and believes, and thereon alleges, that Defendant has, and currently does employ, one or more employees.

32. Plaintiff alleges, that *California Labor Code* § 226 requires employers to issue itemized statements containing: gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates. Plaintiff alleges, that *California Labor Code* § 226.3 allows for civil penalties for violations of *California Labor Code* § 226(a).

33. Plaintiff alleges, that *California Labor Code* §§ 203 and 204 requires that employers refrain from wrongfully and willfully withholding wages after termination of employment. Plaintiff alleges, that *California Labor Code* § 210 allows for civil penalties for violations of *California Labor Code* § 204.

34. Plaintiff alleges, that *California Labor Code* § 1174 requires employers to keep accurate payroll records of all hours worked and all proper wages earned by its employees. Plaintiff alleges, that *California Labor Code* § 1174.5 allows for civil penalties for violations of

*California Labor Code* § 1174.

35. Joh alleges that *California Labor Code* §§ 2802 and 221 states in pertinent part that employers must reimburse the employee for all business related expenses. Plaintiff alleges that *California Labor Code* 2699 et seq. allows for a recovery of a civil penalty for violations of *California Labor Code* § 221 and 2802.

36. Joh alleges that *California Labor Code* § 558 allows employees to collect any underpayment of wages.

37. Joh alleges that *California Labor Code* § 226.3 makes it illegal to misclassify an individual as an independent contractor;

38. At all times mentioned in this complaint *California Labor Code* §§ 226, 226.3, 204, 203, 558, 210, 1174, 1174.5, 2802, 221, and 2699 *et. seq.* were in full force and effect and binding on Defendants.

39. Notwithstanding the restrictions of *California Labor Code* § 226, Defendants provided false and improper paychecks as alleged above in violation of *California Labor Code* § 226, therefore entitling Plaintiff and aggrieved employees to recover a civil penalty under *California Labor Code* § 2699 *et. seq.* for violations of *California Labor Code* §§ 226 and 226.3. Notwithstanding the restrictions of *California Labor Code* § 1174, Defendants failed to properly record Plaintiff and other employees' wages and hours worked in violation of *California Labor Code* § 1174.5, therefore entitling Plaintiff and other aggrieved employees to recover a civil penalty under *California Labor Code* § 2699 *et. seq.* for violations of *California Labor Code* §§ 1174 and 1174.5. Notwithstanding the restrictions of *California Labor Code* §§ 221 and 2802 *California Labor Code* § 2699 et seq. for violations of *California Labor Code* §§ 2802 and 221. Joh and aggrieved employees were subjected to illegal chargebacks and were not reimbursed for all business related expenses. Notwithstanding the restrictions of *California Labor Code* §§ 203, 204 and 210, Defendants refrained from wrongfully and willfully withholding wages after termination of employment, more specifically, earned wages/commission and Joh and other aggrieved employees are therefore entitled to civil penalties under *California Labor Code* § 2699 et seq. for violations of *California Labor Code* § 203, 204, and 210. Notwithstanding the

*California Labor Code* § 558, Defendants failed to pay all earned wages to Plaintiff and aggrieved employees and are therefore entitled to civil penalties/wages under *California Labor Code* § 226.3, Defendant misclassified agents and they are therefore entitled to penalties under California Labor Code 2699 et seq. for violations of *California Labor Code* § 226.3.

40. Plaintiffs have exhausted administrative remedies under *California Labor Code* § 2699.3.

41. Therefore, Plaintiff brings this claim on behalf of himself and all other current and former agents for the recovery of civil penalties, as provided by *California Labor Code* § 2699, for Defendant's violation, in an amount according to proof; individual damages are not to exceed $75,000 each.

## PRAYER FOR RELIEF

WHEREFORE, Joh, on her own behalf, and on behalf of other members of the general public similarly situated, pray for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1. Judgment against Defendants for all unpaid wage damages/commissions owed to Plaintiff according to proof;
2. Judgment against Defendants for pre-judgment interest, according to proof;
3. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff and class members according to proof;
4. Judgment against Defendants for reasonable attorney's fees under California Labor Code 218.5 and costs as provided for by law;

### ON THE SECOND CAUSE OF ACTION

5. For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

## ON THE THIRD CAUSE OF ACTION

6. Judgment against Defendants for penalties and/or damages pursuant to *California Labor Code* § 226;
7. Judgment against Defendants for reasonable attorney's fees under California Labor Code 226 and costs as provided for by law;

## ON THE FOURTH CAUSE OF ACTION

8. For restitution of all unlawfully withheld wages for a period commencing four years prior to the filing of this action through final judgment;

## ON THE FIFTH CAUSE OF ACTION

9. Judgment against Defendants for compensatory damages and/or reimbursement for all expenses;
10. Judgment against Defendants for reasonable attorney's fees under California Labor Code 2802 and costs as provided for by law;

## ON THE SIXTH CAUSE OF ACTION

11. For all penalties as provided for under *California Labor* Code § 2699;
12. Judgment against Defendants for reasonable attorney's fees under California Labor Code 2699 and costs as provided for by law;

## ON ALL CAUSES OF ACTION

13. For pre-judgment interest according to proof;
14. Costs of suit incurred herein;
15. Attorney's Fees as provided by law; and
16. For such further relief as the court deems just and proper.

Dated: August 24, 2018

Michael A. Gould
Aarin A. Zeif
GOULD AND ASSOCIATES
Attorney for Plaintiff,
David Joh, individually, and on behalf of other members of the general public similarly situated