Michael A. Gould, Esq.  (SBN 151851)
Michael@wageandhourlaw.com
Aarin A. Zeif (SBN 247088)
Aarin@wageandhourlaw.com
GOULD & ASSOCIATES
17822 E. 17th Street, Suite 106
Tustin, California 92780
Telephone:  (714) 669-2850
Facsimile:  (714) 544-0800

*Attorneys for Plaintiff David Joh*

Steven M. Tindall (Cal. Bar # 187862)
Amanda M. Karl (Cal. Bar # 301088)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
smt@classlawgroup.com
amk@classlawgroup.com

*Attorneys for Plaintiffs David Hamilton and Bridget Smith*

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOH, *et al.*,<br><br>             Plaintiffs,<br><br>       vs.<br><br>AMERICAN INCOME LIFE INSURANCE<br>COMPANY, *et al.*,<br><br>             Defendants. | Case No. 3:18-CV-06364-TSH<br><br>**SECOND AMENDED CLASS ACTION<br>COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

---

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

Plaintiffs David Joh, David Hamilton and Bridget Smith, on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF CASE

1.     This proposed class action seeks to vindicate the wage-and-hour rights of individuals who train to become and/or work as insurance salespersons in California employed by Defendant American Income Life Insurance Company ("Defendant" or "American Income"). American Income deliberately and systemically fails to pay its employees for all hours worked:  individuals who train to become and/or work as insurance salespeople do not receive minimum wage, overtime pay, reimbursement for business expenses, or the meal and rest breaks they are entitled to under California law, and they are also subject to unlawful commission clawbacks.

## JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), because (a) Plaintiffs are citizens of a state different from Defendant American Income Life Insurance Company, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the proposed class consists of more than 100 individuals, and (d) none of the exceptions under the subsection applies to this action.

3.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.  Further, Plaintiffs are citizens of California, whereas Defendant is a citizen of both Indiana and Texas, rendering the parties citizens of different states.

4.     The Court has personal jurisdiction over Defendant.  It conducts substantial business in California and intentionally availed itself of the laws and markets of this state.  A significant portion of the acts and omissions at issue occurred in California, and Plaintiffs and class members suffered harm in California.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

6.     Pursuant to Local Rule 3-5(b), assignment to the San Francisco Division or the

1

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

1   Oakland Division is appropriate because American Income Life maintains offices in Concord

2   (located in Contra Costa County), Fremont (located in Alameda County), and Santa Rosa (located in

3   Sonoma County).

4                                          **PARTIES**

5          7.      Plaintiff David Hamilton is a citizen and resident of Chico, California.

6          8.      Plaintiff Bridget Smith is a citizen and resident of Lodi, California.

7          9.      Plaintiff David Joh is a citizen and resident of Stockton, California.

8          10.     Defendant American Income Life Insurance Company is an Indiana corporation with

9   its headquarters and principal place of business at 1200 Wooded Acres Drive, Waco, Texas, 76710.

10  American Income sells a variety of insurance products, including life, accident, and supplemental

11  health insurance.

12                              **COMMON FACTUAL ALLEGATIONS**

13  **American Income's New Agents**

14         11.     American Income sells life insurance and other insurance policies in the California

15  insurance market.  It maintains over twenty offices in California, including in Concord, Fremont,

16  San Jose, Tracy, and Santa Rosa.

17         12.     American Income hires agents, who are paid on commission.  Plaintiffs are informed

18  and believe, and on that basis allege, that American Income recruiters are encouraged to sell the

19  agent position as a full-time, salaried employment opportunity.  At job interviews with American

20  Income, prospective agents fill out paperwork; American Income then selects individuals to become

21  agents.

22  **Agents' Working Relationship with American Income**

23         13.     When agents begin work, they enter into an "Agent Contract" with American Income.

24  The Agent Contract states: "The Agent is not an employee of the Company; rather, the agent is an

25  independent contractor.  The agent has no fixed hours and is free to choose the time and manner in

26  which services are performed."

27         14.     Torchmark Corporation, American Income's parent corporation, discussed

28  independent contractor misclassification in its 2017 Annual Report.  It stated, in bold: "**Actual or**

                                              2

1  **alleged or alleged misclassification of independent contractors at our insurance subsidiaries**

2  **could result in adverse legal, tax or financial contractors**." (emphasis in original).  Torchmark

3  contemplated the "risk . . . that a court, the IRS or other authority will take the position that those

4  sales agents are employees."

5       15.    The Agent Contract lays out a commission schedule for agents.  It also states: "The

6  agent shall be responsible for all expenses incurred in the production of insurance for the Company.

7  The Agent shall, at his or her own expense, furnish his or her own means of transportation . . . and

8  any other relevant expenses incurred in the solicitation of insurance for the Company."

9       16.    The Agent Contract includes an arbitration provision, which provides that "all

10  disputes, claims, questions and controversies of any kind or nature arising out of or relating to this

11  Contract . . . , except a dispute regarding the enforceability of this agreement to arbitrate, shall be

12  submitted to binding arbitration . . . Arbitration shall be on an individual, not a class, collective,

13  *representative, or private attorney general basis.  If this class-action waiver is deemed*

14  *unenforceable, the entire agreement to arbitrate shall not apply*." (emphasis added.)

15       17.    The Agent Contract also states: "Aside from issues relating to arbitration or the

16  enforceability of this agreement to arbitrate, all issues relating to any dispute, claim, or controversy

17  arising out of or relating to this Contract shall be governed by and decided in accordance with the

18  internal laws of the State of Texas, without regard to its choice-of-law rules."

19  **American Income Fails to Pay Agents For Time Spent Under American Income's Control**

20       18.    Agents' training is rigorous, lasting at least several weeks.  The agents frequently

21  work more than eight hours per day, and work six or more days per week, while training.  However,

22  because they do not make sales while they are training, and because their compensation is

23  commission-based, they do not earn money while training.

24       19.    American Income regulates its agents' schedules, requiring off-site sales meetings

25  with potential buyers to occur at certain times and days of the week, and in-office sales meetings and

26  calls to occur at certain times and days of the week.  Agents are discouraged from holding other jobs

27  while working for American Income.

28

20.     Agents are generally not paid minimum wage or overtime pay.  They also do not receive regular meal and rest breaks and are not paid for missed breaks.  Agents are also required to pay their own expenses incurred in the performance of their jobs.

**PLAINTIFFS' EXPERIENCE**

21.     Plaintiff David Hamilton began work in American Income's Chico office as an agent in May 2018 and signed the Agent Contract.  He believed he would be a salaried worker when he applied, but he found out later that the payment would be commission-only.

22.     American Income paid Mr. Hamilton very little, if anything, during his training period.  He paid for all of his business expenses out of his own pocket—including gas, state licensing, and fingerprinting.  He was not reimbursed by American Income for these expenses.  He was paid neither minimum wage nor overtime.  He was also regularly unable to take the meal and rest breaks mandated by California law; nor was he paid for missed breaks.  Mr. Hamilton no longer works for American Income.

23.     While Mr. Hamilton worked at American Income, over a dozen agents were hired and participated in training in American Income's Chico office.

24.     All of Mr. Hamilton's work for American Income occurred within California.

25.     Plaintiff Bridget Smith began working for American Income in November 2016.  She began agent training in February 2017.  She paid for substantially all of her business expenses out of her own pocket, including gas.  She was not reimbursed by American Income for these expenses.  She was paid neither minimum wage nor overtime.  She was also regularly unable to take the meal and rest breaks mandated by California law; nor was she paid for missed breaks.  Ms. Smith no longer works for American Income.

26.     While Ms. Smith worked at American Income as an agent, at least fifteen agents were hired and participated in training in the Tracy office.

27.     All of Ms. Smith's work for American Income occurred within California.

28.     David Joh worked for American Income life from approximately May 2011 to April 2018 at the Concord office. He paid for substantially all of his business expenses out of his own pocket.  He was not reimbursed by American Income for these expenses.  He was paid neither

4

1  minimum wage nor overtime.  He was also regularly unable to take the meal and rest breaks

2  mandated by California law; nor was he paid for missed breaks.  Joh also was illegally charged back

3  commissions by American Income life, meaning he sold policies and when canceled by the

4  customer, American Income Life illegally collected back his earned wages.  Ms. Joh no longer

5  works for American Income.

## CHOICE OF LAW ALLEGATIONS

6

7        29.        Under California Labor Code § 925, employers cannot require employees who

8  primarily reside and work in California to agree to a contract provision that would deprive the

9  employee of the substantive protection of California law where the controversy arises in California.

10       30.        Mr. Joh, Mr. Hamilton, and Ms. Smith all reside and worked for American Income in

11 California.  California law, therefore, applies to their claims.

## CLASS ACTION ALLEGATIONS

12

13       31.        This action is brought and may be maintained under Fed. R. Civ. P. 23 as a class

14 action.

15       32.        Plaintiffs seek to represent the following class:

16       33.        All individuals who trained to become and/or worked as sales agents in California  for

17 Defendant during the last four years prior to the filing of the original Complaint.  Plaintiffs and

18 proposed class members seek relief under Rule 23(b)(2).  The injunctive relief Plaintiffs and class

19 members seek is a significant reason for bringing this case and, on its own, justifies the prosecution

20 of this litigation.  Plaintiffs and class members also seek relief under Rule (b)(3) and/or (c)(4).

21       34.        **Numerosity**:  Plaintiffs are informed and believe, and on that basis allege, that there

22 have been more than 100 individuals who trained to become and/or worked as sales agents with

23 American Income in California since September 12, 2014.  Members of the proposed class are thus

24 too numerous to practically join in a single action.  Class members may be identified using

25 American Income's records and notified of the pendency of this action by mail or email.

26       35.        **Commonality and Predominance**: Common questions of law and fact exist as to all

27 proposed class members and predominate over questions affecting only individual class members.

28 These common questions include whether:

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

36. Individuals who trained to become and/or worked as sales agents were entitled to minimum wage, overtime, compensation for missed meal breaks, or expense reimbursement under California law, including during their training;

a. American Income's practice of purportedly paying individuals who trained to become and/or worked as sales agents only "commission," including during their training, was unfair or unlawful;

b. American Income's denial of reimbursement for expenses of individuals who trained to become and/or worked as sales agents was unfair or unlawful;

c. American Income's illegal chargebacks of earned commissions;

d. California law applies to Plaintiffs' claims; or

e. American Income's arbitration clause is lawful under California law.

36. **Typicality**: Plaintiffs' claims are typical of the claims of the proposed class because they, like class members, were not paid or reimbursed appropriately while training to become and/or working as sales agents for American Income.

37. **Adequacy**: Plaintiffs are adequate representatives of the proposed class because their interests do not conflict with the interests of the members of the class they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and will prosecute this action vigorously on class members' behalf.

38. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible.  Even if class members themselves could afford such individualized litigation, the court system could not.  In addition to the burden and expense of managing many actions arising from this issue, individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

6

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

39.     In the alternative, the proposed class may be certified because:

a.  The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendant;

b.  The prosecution of individual actions could result in adjudications, which, as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests; and

c.  Defendant has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final and injunctive relief with respect to the members of the proposed class as a whole.

## CAUSES OF ACTION

### Count I

### Unlawful, Unfair, and Fraudulent Business Practices

### Cal. Bus. & Prof. Code § 17200, *et seq.*

40.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

41.     The Defendant has violated and continues to violate California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, which prohibits unlawful, unfair, and fraudulent business acts or practices.

42.     The Defendant's acts and practices, as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition Law.  In particular, Defendant promised a salaried position, and then hired Plaintiffs and class members as commission-only employees, failing to pay or reimburse any of them while they trained to become and/or worked as sales agents.

43.     The Defendant's business acts and practices are unlawful for the reasons set forth in this complaint, including:

a.  Failing to pay minimum wage in violation of California Labor Code §§ 1194 and 1197;

7

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

b.  Failing to pay overtime compensation in violation of California Labor Code §§ 510 and 1094;

c.  Failing to pay for all hours worked in a timely fashion upon resignation in violation of California Labor Code §§ 202-203;

d.  Failing to provide meal and rest breaks, or to compensate workers for missed meal and rest breaks, in violation of California Labor Code §§ 226.7 and 512;

e.  Failing to furnish appropriate itemized wage statements in violation of California Labor Code § 226;

f.  Failing to reimburse expenses paid in violation of California Labor Code § 2802;

g.  Illegally charging back earned commissions in violation of California Labor Code § 221;

h.  Willfully misclassifying workers as independent contractors in violation of California Labor Code § 226.8(a), (b), and/or (c);

i.  Requiring workers who reside and work in California to submit to Texas law in violation of California Labor Code § 925; and

j.  Requiring waiver of representative and private attorneys general claims under its arbitration clause in violation of *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014).

44.   The Defendant's conduct also constitutes unfair business practices for at least the following additional reasons:

a.  The gravity of harm to Plaintiffs and the proposed class from the Defendant's acts and practices far outweighs any legitimate utility of that conduct;

b.  The Defendant's conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and the members of the proposed class; and

c.  The Defendant's conduct undermines and violates the stated policies underlying the Unfair Competition Law by misleading Plaintiffs and class members into working without pay.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

45.     The Defendant's conduct also constitutes fraudulent business practices because it advertised these agent positions as salaried positions, when in fact Plaintiffs and class members were paid on a commission-only basis, even during their training periods.

46.     As a direct and proximate result of the Defendant's business practices, Plaintiffs and proposed class members suffered injury in fact and are entitled to unpaid wages, reimbursement and penalties under the California Labor Code.  Plaintiffs and the proposed class are also entitled to an injunction and other equitable relief, including restitutionary disgorgement of all profits accruing to the Defendant, because of its unfair, unlawful, and fraudulent practices, and such other orders as may be necessary to prevent the future use of these practices.

## Count II

### Failure to Pay California Overtime Compensation

### Cal. Lab. Code §§ 510, 1094, IWC Wage Order No. 4

47.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

48.     During the Class Period, Plaintiffs and class members trained and/or worked on many occasions in excess of eight hours in a workday and/or 40 hours in a work week, without being paid full, proper overtime compensation in violation of California Labor Code §§ 510, 1194, 1194.2, 1194.5, and IWC Wage Order No. 4, §§ 3 and 4.  The precise number of unpaid overtime hours will be proven at trial.

49.     Defendant's actions were willful, in bad faith, and in knowing violation of the California Labor Code.  As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and class members have sustained damages, including loss of earnings for hours of overtime work, in an amount to be determined at trial.  Pursuant to California Labor Code § 1194(a), Plaintiffs and class members are entitled to recover their unpaid overtime and double time compensation, including interest.  Plaintiffs and class members are also entitled to recover reasonable attorneys' fees and costs.

## Count III

### Failure to Pay Minimum Wages

### Cal. Lab. Code §§ 1194, 1197, IWC Wage Order No. 4

9

50.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

51.     California Labor Code §§ 1194, 1197, 1198, 1182.12 and IWC Wage Order No. 4, § 4 state that payment of less than the minimum wage fixed by California's Industrial Welfare Commission is unlawful.

52.     Defendant repeatedly failed to pay Plaintiffs and class members any compensation for hours that they trained and/or worked.  Plaintiffs and the class, therefore, are entitled under California law to be paid for all hours during which they were subject to the control of Defendant, including all time they were suffered or permitted to work for Defendant.

53.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the class have sustained damages, including compensatory damages pursuant to Labor Code § 1194(a), prejudgment interest, liquidated damages pursuant to Labor Code § 1194.2, and reasonable attorneys' fees and costs pursuant to § 1194(a) in an amount to be established at trial.

## Count IV

### Failure to Provide Meal Periods

### Cal. Lab. Code §§ 226.7, 512, IWC Wage Order No. 4

54.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

55.     Plaintiffs and class members have regularly trained and/or worked in excess of five hours a day without being afforded at least a half-hour meal period in which they were relived of all duties, as required by California Labor Code §§ 200, 226.7 and 512,  IWC Wage Order No. 4, § 9, 11, 12 CCR 11040.

56.     By failing to consistently provide Plaintiffs and class members an uninterrupted, thirty-minute meal period within the first five hours of training and/or work each day, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

57.     Plaintiffs are informed and believe, and on that basis allege, that Defendant has never paid the one hour of compensation as a premium payment to any class member pursuant to California Labor Code § 226.7 for not providing proper meal periods.  As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and class members have sustained damages, including loss of compensation resulting from missed meal periods, meal period

premiums owed them, interest on all amounts owed, and reasonable attorneys' fees and costs in amounts to be determined at trial.

## Count V

### Failure to Provide Rest Periods

#### Cal. Lab. Code § 226.7, IWC Wage Order No. 4

58.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

59.     At all relevant times, Defendant was aware of, and under a duty to comply with, California Labor Code § 226.7.

60.     At all relevant times, California Labor Code § 226.7 has applied and continues to apply to Plaintiffs' and class members' employment with American Income.  California Labor Code § 226.7 states "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable statute, or . . . order of the Industrial Welfare Commission."

61.     Section 12 of Wage Order No. 4 provides in relevant part that: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages."

62.     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

63.     Defendant did not authorize or permit Plaintiffs and other class members to take rest breaks as required by California law.  Plaintiffs and class members regularly trained and/or worked a full work day, but were denied a rest period every four hours or major fraction thereof.

64.     Defendant failed to authorize and permit Plaintiffs and class members to take adequate rest periods as required by law.  Plaintiffs and class members are therefore entitled to payment of additional wages as provided by law.

## Count VI

## Waiting Time Penalties

## California Lab. Code §§ 202-203

65.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

66.     California Labor Code § 202 states that an employer is required to provide an employee who quits all unpaid wages within 72 hours of their resignation or immediately upon termination.

67.     California Labor Code § 203 states that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 202, then the employer is liable for waiting time penalties equivalent to the employee's daily wage, for a maximum of 30 days.

68.     Plaintiffs and numerous class members who were employed by Defendant during the Class Period have ended their contracts and/or quit, however, they were not paid all wages due within the statutory time period.  Defendant willfully failed and refused to pay timely compensation and wages for, among other things, unpaid overtime, unpaid meal periods, and unpaid expenses.

69.     As a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiffs and former employee class members for all hours worked, Plaintiffs and affected members of the class are entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant to § 203, with interest thereon, and reasonable attorneys' fees and costs.

## Count VII

## Failure to Furnish Accurate Wage Statements

## Cal. Lab. Code § 226 & IWC Wage Order No. 4

70.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

71.     Pursuant to California Labor Code § 226(a) and IWC Wage Order No. 4, Defendant has at all relevant times been required, semimonthly or at the time of each payment of wages, to furnish Plaintiffs and class members accurate, itemized written statements containing all the information described in § 226 and Wage Order No. 4, § 7, including, but not limited to, the total hours worked by the employees.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

72.     Defendant has knowingly and intentionally failed to comply with § 226 by knowingly and intentionally failing to furnish Plaintiffs and class members with accurate, itemized written statements showing their actual and total hours worked, including all overtime hours.

73.     Defendant also failed to accurately record meal periods as detailed above, to pay meal and rest period premium wages for missed meal and rest periods, and to report those meal period premium payments on wage statements.

74.     Under California Labor Code § 226(e), an employee suffering injury as a result of knowing and intentional failure of an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount of $4,000.

75.     In addition, upon information and belief, and in violation of IWC Wage Order No. 4, Defendant failed to keep the required payroll records showing the actual hours worked each day by Plaintiffs and class members.  As a direct and proximate result of Defendant's actions, Plaintiffs and class members have suffered economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued pay.

76.     As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs and class members have been injured by not receiving the information required by California Labor Code § 226(a), not being paid their straight time and overtime hours, not having records showing their total hours worked, and not being able to ascertain from their wage statements whether or how they have been lawfully compensated for all hours worked, among other things, in an amount to be determined at trial.

77.     Plaintiffs and class members may recover damages and penalties provided for under California Labor Code § 226(e), plus interest thereon, reasonable attorneys' fees, and costs.

## Count VIII

### Failure to Reimburse Expenses and Illegal Chargebacks

### Cal. Lab. Code § 221, 2802 and IWC Wage Order No. 4

78.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

13

79.     Labor Code § 2802 requires Defendant to indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.  Wage Order No. 4 § 9 requires an employer to provide required tools or equipment.

80.     Defendant did not indemnify Plaintiffs or class members for their expenses, nor provide them tools, during their training and/or work.  Instead, Plaintiffs and class members were required to pay for their own expenses including, but not limited to: mileage reimbursement for personal vehicles, fuel for personal vehicles, maintenance for personal vehicles, repairs on personal vehicles, insurance and registration on personal vehicles, professional certification, licensing fees, advertising, state-mandated fingerprinting, office supplies, business cards, laptops and computer costs, cell phone fees, and helper fees.

81.     Plaintiffs and class members are entitled to reimbursement for their business expenses and tool purchases, plus interest thereon, reasonable attorneys' fees, and costs.

### Count IX

### Failure to Pay Wages/Commissions

### Cal. Lab. Code §§ 221, 203 and 204

82.     Plaintiffs re-allege the paragraphs above as if set forth fully herein.

83.     Plaintiffs are informed and believe, and thereon allege, that *California Labor Code* §§ 221, 203 and 204 was in full force and effect and binding on Defendant at all times mentioned herein.  These sections require that employers refrain from wrongfully and willfully withholding wages.

84.     Plaintiffs are informed and believe and thereon allege that they and class members failed to receive all earned commissions from Defendant.  Moreover, since Defendant failed to pay Plaintiffs and class members all earned commissions, Defendant is in violation of *California Labor Code* § 203 and 204 and the *IWC Wage Orders*.  Defendant promised to pay earned commissions to Plaintiffs and class members.  Defendant failed to pay all earned commissions to Plaintiffs and class members as promised.  Labor Code § 221 makes it illegal for an employer to illegally charge back

14

earned commissions.  Plaintiffs were illegally charged back commissions by American Income life, meaning they sold policies and when canceled by the customer, American Income Life illegally collected back earned wages.

85.      Plaintiffs and class members are therefore entitled to recover the unpaid amount of the wages/commissions, interest thereon, and reasonable attorney's fees and costs as provided for by law.

**Count X**

**Declaratory Relief**
**28 U.S.C. § 2201**

86.      Plaintiffs re-allege the paragraphs above as if set forth fully herein.

87.      The Agent Contract states that "all disputes" must go to arbitration, which "shall be on an individual, not on a class, collective, representative, or private attorney general basis.  If this class-action waiver is deemed unenforceable, the entire agreement to arbitrate shall not apply."

88.      In *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014), the California Supreme Court concluded that where "an employment agreement compels the waiver of representative claims under the [Private Attorneys General Act], it is contrary to public policy and unenforceable as a matter of law."

89.      In connection with the active case between the parties, Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201, declaring that:

   a.  Under *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014), the arbitration portion of Plaintiffs' contract—which purports to prevent Plaintiffs from arbitrating any class, collective, representative, or private attorney general litigation—is unenforceable, invalid, unconscionable, void, and voidable in California;

   b.  As a result, by its own terms, the entire agreement to arbitrate is no longer enforceable in California; and

   c.  Contrary to the terms of Plaintiffs' contracts, Plaintiffs may maintain a class action and a representative PAGA action in court.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

**Count XI**

**Private Attorneys General Act**

**California Labor Code §§ 2698,** *et seq.*

90.   Plaintiffs Hamilton and Joh reallege the paragraphs above as if fully set forth herein.

91.   Plaintiffs, aggrieved employees, bring a claim under California Labor Code §§ 2698-2699.5 in a representative capacity on behalf of current and former American Income insurance agents subjected to the unlawful wage-and-hour practices alleged herein.

92.   The California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq.*, grants California employees the right to bring a civil action for the violation of any provision of the labor code on behalf of themselves and other current or former employees in order to recover civil penalties.  PAGA is intended to assist in the achievement of maximum compliance with state labor laws by empowering aggrieved employees to act as private attorneys general in order to recover civil penalties for Labor Code violations that would otherwise be prosecuted by the state.  *See Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009).

93.   PAGA permits an aggrieved employee to collect the civil penalty authorized by law and normally collectible by the California Labor and Workforce Development Agency.  To address violations for which no penalty has been established, § 2699(f) permits aggrieved employees to recover a default penalty in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee pay period for each subsequent violation. *See* Cal. Lab. Code § 2699(f).

94.   Plaintiffs Joh and Hamilton seek to collect these civil penalties for the Labor Code violations described below in the year prior to the date the original complaint in this case was filed and up to the present:

    a)   Under California Labor Code § 2699(f)(2), civil penalties of one hundred dollars ($100) for Plaintiffs Joh and Hamilton and each aggrieved employee of American Income in California who was required to sign an agent agreement containing illegal terms in violation of California Labor Code §§ 925 and 432.5 that Plaintiffs Joh and Hamilton

16

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

were required to sign upon becoming an agent for American Income—namely, the terms

(i) requiring an employee to waive his or her right to bring a representative action, and

(ii) applying Texas law to California employees.

b) Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars ($100) for Plaintiffs Joh and Hamilton and each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.2, and 226.7, and a civil penalty of two hundred dollars ($200) for Plaintiffs Joh and Hamilton and each aggrieved employee per pay period for each subsequent violation, for failing to provide meal and rest breaks to service providers employed in California; under California Labor Code § 558, for violating Labor Code §§ 512 and 226.7, a civil penalty of fifty dollars ($50) plus the amount sufficient to recover underpaid wages for each employee for every initial failure to provide meal and rest breaks to agents employed in California, and a civil penalty of one hundred dollars ($100) plus the amount sufficient to recover unpaid wages for each aggrieved employee for every subsequent violation, as alleged herein.

c) Under California Labor Code § 226.3, which provides civil penalties for violations of California Labor Code § 226(a), a civil penalty of two hundred fifty dollars ($250) for Plaintiffs Joh and Hamilton and each aggrieved employee for the first violation, and one thousand dollars ($1,000) for Plaintiffs Joh and Hamilton and each aggrieved employee for each subsequent violation of Labor Code § 226(a), for American Income's failure to provide timely, accurate, itemized wage statements to agents employed in California, as alleged herein.

d) Under California Labor Code § 203, which provides civil penalties for violations of California Labor Code §§ 201 and 202, a penalty of the wages of each aggrieved employee for each day American Income did not pay the aggrieved employees following their discharge or termination, up to thirty days of pay, as alleged herein.

e) Under California Labor Code § 558(a), which provides civil penalties for violations of California Labor Code § 510, a penalty of fifty dollars ($50) for each initial violation for which an employee was underpaid, as well as a penalty of one hundred dollars ($100) for

17

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

each subsequent violation for which an employee was underpaid, and an amount sufficient to recover unpaid wages, for American Income's failure to pay overtime, as alleged herein.

f) Under California Labor Code §§ 1197.1 and 1194.2, which provides civil penalties for failure to pay an employee minimum wage, a penalty of one hundred dollars ($100) for each initial violation, as well as a penalty of two hundred fifty dollars ($250) for each underpaid employee for each pay period during which American Income failed to pay minimum wage, as alleged herein.

g) Under California Labor Code § 2699(f), a default penalty in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, for American Income's failure to indemnify Plaintiffs Joh and Hamilton and other aggrieved employees for business expenses, including but not limited to vehicle-related expenses, cell phone-related expenses, computer-related expenses, training expenses, professional certification, and state-mandated fingerprinting in violation of California Labor Code § 2802, as alleged herein.  These expenditures were necessary and incurred in direct consequence of the discharge of his and other service providers' duties for American Income.

h) Under California Labor Code § 226.8, civil penalties for willful misclassification as an independent contractor, a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation (§ 226.8(b)); and/or civil penalties for a pattern or practice of willful misclassification as an independent contractor, a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation (§ 226.8(c)).

i) Plaintiffs Joh and Hamilton allege that *California Labor Code* §§ 201, 202, 203 and 204 requires that employers refrain from wrongfully and willfully withholding wages after termination of employment.  Plaintiffs alleges, that *California Labor Code* § 210 allows for civil penalties for violations of *California Labor Code* § 204.

18

j)  Plaintiffs Joh and Hamilton allege that *California Labor Code* § 1174 requires employers to keep accurate payroll records of all hours worked and all proper wages earned by its employees.  Plaintiffs alleges, that *California Labor Code* § 1174.5 allows for civil penalties for violations of *California Labor Code* § 1174.

k)  Under California Labor Code § 2699(f), a default penalty in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, for American Income's failure to pay minimum wages and overtime wages pursuant to Labor Code §§ 1194, 510, 1197, as alleged herein.

l)  Under California Labor Code § 2699(f)(2), a civil penalty of one hundred dollars ($100) for Plaintiffs Joh and Hamilton and each aggrieved employee per pay period for the initial violation of Labor Code § 256, and a civil penalty of two hundred dollars ($200) for Plaintiffs Joh and Hamilton and each aggrieved employee per pay period for each subsequent violation.

m)  Under California Labor Code § 2699(f), a default penalty in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, for American Income's failure to comply with Labor Code § 221, by illegally charging back earned wages.

95.   California Labor Code § 2699(g) further provides that any employee who prevails in an action for civil penalties is entitled to an award of reasonable attorneys' fees and costs.  Plaintiffs seek to recover attorneys' fees and costs under this fee and cost provision.

96.   On July 26, 2018, pursuant to California Labor Code § 2699.3, Plaintiff Joh submitted notice to the Labor and Workforce Development Agency (LWDA) of the specific provisions of the Labor Code that have been violated, including the facts and theories to support the violations.  Plaintiff Joh sent this notice to American Income by certified mail.  The sixty-five-day time limit for the agency to respond has expired, such that Plaintiff Joh has exhausted his administrative remedies.  In addition, Plaintiff Joh has not received any written notice from

19

1   American Income that the violations alleged above have been cured.

2        97.    On November 15, 2018, pursuant to California Labor Code § 2699.3, Plaintiff

3   Hamilton submitted notice to the Labor and Workforce Development Agency (LWDA) of the

4   specific provisions of the Labor Code that have been violated, including the facts and theories to

5   support the violations.  Plaintiff Hamilton sent this notice to American Income by certified mail.

6   The sixty-five-day time limit for the agency to respond has expired, such that Plaintiff Hamilton has

7   exhausted his administrative remedies.  In addition, Plaintiff Hamilton has not received any written

8   notice from American Income that the violations alleged above have been cured.

9        98.    Notwithstanding the restrictions of *California Labor Code* § 226, Defendant provided

10   false and improper paychecks as alleged above in violation of *California Labor Code* § 226,

11   therefore entitling Plaintiffs and aggrieved employees to recover a civil penalty under *California*

12   *Labor Code* § 2699 *et. seq.* for violations of *California Labor Code* §§ 226 and 226.3.

13   Notwithstanding the restrictions of *California Labor Code* § 1174, Defendant failed to properly

14   record Plaintiffs and other employees' wages and hours worked in violation of *California Labor*

15   *Code* § 1174.5, therefore entitling Plaintiffs and other aggrieved employees to recover a civil penalty

16   under *California Labor Code* § 2699 *et. seq.* for violations of *California Labor Code* §§ 1174 and

17   1174.5.   Notwithstanding the restrictions of *California Labor Code* §§ 221, 2802, and 2699,

18   Plaintiffs and aggrieved employees were subjected to illegal chargebacks and were not reimbursed

19   for all business-related expenses, therefore entitling Plaintiffs and other aggrieved employees to

20   recover a civil penalty under *California Labor Code* § 2699 *et. seq.*   Notwithstanding the

21   restrictions of *California Labor Code* §§ 203, 204 and 210, Defendant refrained from wrongfully

22   and willfully withholding wages after termination of employment, more specifically, earned

23   wages/commission, therefore entitling Plaintiffs and other aggrieved employees to recover a civil

24   penalty under *California Labor Code* § 2699 *et seq.* for violations of *California Labor Code* § 203,

25   204, and 210.  Notwithstanding the restrictions of *California Labor Code* § 558, Defendant failed to

26   pay all earned wages to Plaintiffs and aggrieved employees, therefore entitling Plaintiffs and other

27   aggrieved employees to recover a civil penalty under *California Labor Code* § 2699 *et seq.*

28   Defendant had a pattern and practice of willfully misclassifying agents, therefore entitling Plaintiffs

20
SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

1 | and other aggrieved employees to recover a civil penalty under *California Labor Code* § 2699 *et seq.*

2 | for violations of *California Labor Code* § 226.3.

3 | ### PRAYER FOR RELIEF

4 |      WHEREFORE, Plaintiffs request that the Court enter a judgment awarding the following

5 | relief:

6 |     a.   An order awarding Plaintiffs, class members, and aggrieved employees their wages owed,

7 |         penalties, and/or any other form of monetary relief provided by law;

8 |     b.   An order enjoining Defendant from their unlawful conduct;

9 |     c.   An order certifying the class defined above;

10 |     d.   An order awarding Plaintiffs and the class pre-judgment and post-judgment interest as

11 |         allowed under the law;

12 |     e.   An order awarding Plaintiffs declaratory relief as described above;

13 |     f.   An order awarding Plaintiffs and the class reasonable attorneys' fees and costs of suit,

14 |         including expert witness fees; and

15 |     g.   An order awarding such other and further relief as this Court may deem just and proper.

16 | ### JURY DEMAND

17 |     Plaintiffs hereby demand a trial by jury on all issues so properly triable thereby.

18 |

19 | Dated:  May 18, 2019                Respectfully submitted,

20 |

21 |                **GOULD & ASSOCIATES**

22 |                By: */s/ Michael. A. Gould*

23 |                Michael A. Gould, Esq.<br>Michael@wageandhourlaw.com

24 |                Aarin A. Zeif<br>Aarin@wageandhourlaw.com

25 |                17822 E. 17th Street, Suite 106<br>Tustin, California 92780

26 |                Telephone:  (714) 669-2850

27 |                Facsimile:  (714) 544-0800

28 |                *Attorneys for Plaintiff David Joh*

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH

1

2

**GIBBS LAW GROUP LLP**

3

By: */s/ Steven M. Tindall*

Steven M. Tindall

4

Amanda M. Karl

505 14th Street, Suite 1110

5

Oakland, CA 94612

Tel: (510) 350-9700

6

Fax: (510) 350-9701

7

smt@classlawgroup.com

amk@classlawgroup.com

8

*Attorneys for Plaintiffs David Hamilton and Bridget*

9

*Smith*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-CV-06364-TSH